Howard v. Spragins.

---

CHARLES HOWARD, APPELLANT, V. JOHN D. SPRAGINS,

APPELLEE.

FILED NOVEMBER 20, 1924.   No. 22900.

Judgment: INJUNCTION: PARTIES. In an injunction proceeding to
    stay the enforcement of a void judgment. it is generally neces-
    sary to join as parties all persons whose rights would or might
    be affected by the allowance of the relief sought, and where the
    bill is directed solely against the judge who entered the judg-
    ment, the relief prayed should be denied.

APPEAL from the district court for Richardson county:
JOHN B. RAPER, JUDGE. *Affirmed.*

*F. N. Prout,* for appellant.

*J. E. Leyda, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN,
GOOD, and THOMPSON, JJ.

MORRISSEY, C. J.

This action was brought in the district court for Richard-
son county to enjoin the collection of a judgment alleged to
be void, rendered by a justice of the peace in an action
wherein one Given Spragins was plaintiff and appellant
herein was defendant.

Defendant in this action was the justice of the peace who

rendered the judgment. Neither the judgment creditor nor any person other than the justice of the peace is in any way made a party defendant in this proceeding. The trial court denied the relief prayed and plaintiff has appealed.

In an injunction proceeding to stay the enforcement of a void judgment, it is generally necessary to join as parties all persons whose rights would or might be affected by the allowance of the relief sought, and where the bill is directed solely against the judge who entered the judgment, the relief prayed should be denied. 2 Spelling, Injunctions and Other Extraordinary Remedies (2d. ed.) sec. 977; 1 Black, Judgments (2d. ed.) sec. 393b.

The trial court did not err in refusing to grant the injunction and the judgment is

AFFIRMED.

Note—See Judgments, 34 C. J. p. 485, sec. 759.